IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH JOHNSON, JR. and § 
DAWN JOHNSON, §
 §
      Plaintiffs, §
 §
v. §
 §
DEUTSCHE BANK NATIONAL TRUST §
COMPANY, As Trustee in Trust §   CIVIL ACTION NO. H-18-1297
for REGISTERED HOLDERS OF §
LONG BEACH MORTGAGE LOAN TRUST §
2005-1 ASSET-BACKED §
CERTIFICATES SERIES 2005-1, and §
SELECT PORTFOLIO SERVICING, INC.,§
 §
      Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Joseph Johnson Jr. and Dawn Johnson, Husband and Wife, ("Plaintiffs") sued defendants Deutsche Bank National Trust Company, as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-1 Asset-Backed Certificates Series 2005-1 ("Deutsche Bank"), and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants") in the 240th District Court of Fort Bend County, Texas, for breach of contract and suit to quiet title based on claimed violations of the Texas Constitution.[1] Defendants timely removed the action to this court.[2] Pending

---

[1] See Plaintiffs' First Amended Petition and Request for Disclosures ("Plaintiffs' First Amended Petition"), Exhibit C-4 to Defendants' Notice of Removal, Docket Entry No. 1-7.

[2] See Notice of Removal, Docket Entry No. 1.

before the court is Defendants' Motion for Summary Judgment and Brief in Support ("Defendants' MSJ") (Docket Entry No. 14). Defendants also seek a Final Judgment and Order of Foreclosure. For the reasons stated below, Defendants' MSJ will be granted and this action will be dismissed with prejudice. Defendants' proposed Final Judgment and Order of Foreclosure will be entered.

## I. Factual Allegations[3]

This action involves a dispute between lenders (Defendants) and borrowers (Plaintiffs) as to the validity of a Texas home equity loan. Mr. Johnson executed and delivered a Texas Home Equity Note ("the Note") made payable to the original lender, Long Beach Mortgage Company, and its assigns in order to purchase property located in Fort Bend County at 3134 Peninsulas Drive, Missouri City, Texas 77459 ("the Property").[4] In the Note, Mr. Johnson promised to pay the principal balance ($420,000.00) plus interest under the terms defined in the Note. The Note was secured by a Texas Home Equity Security Instrument ("Deed of

---

[3]See Defendants' MSJ, Docket Entry No. 14, pp. 2-5; Plaintiffs' Response to Defendants' Motion for Summary Judgment ("Plaintiffs' Response to Defendants' MSJ"), Docket Entry No. 15, pp. 3-4; Plaintiffs' First Amended Petition, Exhibit C-4 to Defendants' Notice of Removal, Docket Entry No. 1-7, p. 4.

[4]The property description in the Deed of Trust listed an incorrect physical address for the Property, but in all other respects accurately identified the Property. See Declaration of Michael F. Hord Jr., Exhibit 3, and Fort Bend County Real Property Record, Exhibit 3-A, to Defendants' MSJ, Docket Entry No. 14-16.

Trust") executed by Plaintiffs establishing a first lien on the Property.[5] The Deed of Trust was recorded in Fort Bend County.

The Parties executed and signed a number of documents in connection with closing on the Home Equity Loan detailing the Home Equity Loan's terms. On or about September 2, 2004, Plaintiffs executed a Texas Home Equity Affidavit and Agreement and recorded it in the Fort Bend County real property records. On August 4, 2004, Mr. Johnson signed a document entitled "Good Faith Estimate." On September 2, 2004, Plaintiffs executed a document entitled "Texas Home Equity Acknowledgment of Loan Closing Documents Received by Borrower." In addition, on September 1, 2008, Plaintiffs executed a Loan Modification Agreement with the then-current lender, Washington Mutual Bank.

JP Morgan Chase Bank later purchased Washington Mutual Bank from the Federal Deposit Insurance Corporation. Acting as Washington Mutual's receiver, as the successor in interest to Long Beach Mortgage Company by operation of law, JP Morgan Chase Bank assigned the Deed of Trust to Deutsche Bank and recorded the assignment in Fort Bend County's real property records. As the owner and holder of the Note and the assignee on the Deed of Trust, Deutsche Bank is the current mortgagee on Plaintiffs' Home Equity Loan. SPS is the current mortgage servicer.

---

[5]The Note and the Deed of Trust will be collectively referred to throughout as the "Home Equity Loan."

Plaintiffs are currently in default on the Home Equity Loan. Notices of default and intent to accelerate were sent to Plaintiffs' residential address on December 7, 2009, January 23, 2013, and April 25, 2014.[6] Notice of acceleration was sent to Plaintiffs on December 15, 2014.[7] The accelerated loan balance was $801,611.45 as of September 2018.[8]

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has

---

[6]See Notice of Intent to Accelerate and Demand for Payment [December 7, 2009], Exhibit 1-H to Defendants' MSJ, Docket Entry No. 14-9, p. 2; Acceleration Warning (Notice of Intent to Foreclose) [January 23, 2013], Exhibit 1-I to Defendants' MSJ, Docket Entry No. 14-10; Notice of Default and Intent to Accelerate [April 25, 2014], Exhibit 1-J to Defendants' MSJ, Docket Entry No. 14-11.

[7]See Notice of Acceleration, Exhibit 1-K to Defendants' MSJ, Docket Entry No. 14-12.

[8]See Payoff Statement, Exhibit 1-M to Defendants' MSJ, Docket Entry No. 14-14.

the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## III. <u>Analysis</u>

Plaintiffs brought claims for breach of contract and suit to quiet title, both of which rely on the premise that the circumstances surrounding closing on their Home Equity Loan violated Sections 50(a)(6)(M)(ii) and 50(a)(6)(Q)(v) of Article XVI of the Texas Constitution.

Section 50 affords protection from foreclosure and forced sale of property that qualifies as a "homestead" under the Texas Constitution. Tex. Const. art. XVI § 50. The parties do not dispute that Section 50 applies to the Home Equity Loan. Section 50(a)(6)(M)(ii) requires that for homestead property to be subject to forced sale when a lender extends credit to a borrower, the borrower must have received a copy of the loan application and a "final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing" at least one business day before closing. Tex. Const. art. XVI § 50(a)(6)(M)(ii). Section 50(a)(6)(Q)(v) prevents foreclosure of homestead property by a lender unless the borrower on an extension of credit received "a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit" at the time of closing. Tex. Const. art. XVI § 50(a)(6)(Q)(v). Defendants argue that both of Plaintiffs' claims fail as a matter of law because the Home Equity Loan did not violate either provision of the Texas Constitution.

A.   **Plaintiffs' Breach of Contract Claim**

Section 50(a) of the Texas Constitution does not create a separate cause of action, it "simply describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." Garofolo v. Ocwen Loan Servicing, L.L.C., 497 S.W.3d 474, 478 (Tex. 2016). But a borrower may assert constitutional violations through a breach of contract action when the constitutional forfeiture provision is incorporated into the terms of the home-equity loan. Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593 (5th Cir. 2017); Johnson v. Citigroup Mortgage Loan Trust Inc., Civil Action No. 5:16-1114-RCL, 2017 WL 3337268, at *9 (W.D. Tex. Aug. 3, 2017); Garofolo, 497 S.W.3d at 484; Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542, 546 (Tex. 2016). Compliance with section 50(a) "is measured by the loan as it exists at origination and whether it includes the terms and conditions required to be foreclosure-eligible." Garofolo, 497 S.W.3d at 478.

There is no evidence that Plaintiffs' Home Equity Loan violated either of the two claimed provisions of Section 50(a). Plaintiffs signed a Texas Home Equity Affidavit and Agreement ("the Affidavit") stating that the lender complied with the terms of Section 50(a)(6)(M)(ii). In the Affidavit, Plaintiffs agreed that "[t]he Note and Security Instrument have not been signed before one business day after the date that the owner of the Property received

a final itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing . . . ."[9]

Plaintiffs cite Box v. First State Bank, Bremond S.S.B., 340 B.R. 782, 787 (S.D. Tex. 2006), for the proposition that recitals in a document like the Affidavit "by themselves [may be] inadequate to make [a] lien valid if other evidence in the record" shows that the circumstances surrounding creation of a home equity loan violated the Texas Constitution. In Box boilerplate recitals in the plaintiff's loan documents conflicted with other statements made by the lender in connection with closing on the home equity loan. Id. In this case, however, Plaintiffs have cited no evidence that the lenders did not comply with Section 50(a)(6)(M)(ii). Plaintiffs swore in the Affidavit that they received an itemized list of fees and figures at least one day before closing on the loan.[10] Plaintiffs have presented no additional evidence to show that they did not receive this documentation.

Nor have Plaintiffs presented any evidence that the Home Equity Loan violated § 50(a)(6)(Q)(v). Plaintiffs signed a document acknowledging receipt of a copy of all finalized and signed loan documents at closing.[11] Plaintiffs have presented the

---

[9]See Texas Home Equity Affidavit and Agreement, Exhibit 1-C to Defendants' MSJ, Docket Entry No. 14-4, p. 2 ¶ K.

[10]See Texas Home Equity Affidavit and Agreement, Exhibit 1-C to Defendants' MSJ, Docket Entry No. 14-4, p. 2.

[11]See Acknowledgment of Loan Closing Documents Received by Borrower, Exhibit 1-E to Defendants' MSJ, Docket Entry No. 14-6.

court with no additional evidence showing that they did not receive a copy of all finalized and signed loan documents at closing.

Because Plaintiffs have failed to establish a genuine issue of material fact as to whether Defendants violated the Texas Constitution, Plaintiffs' breach of contract claim fails as a matter of law.

## B. Plaintiffs' Suit to Quiet Title

Plaintiffs also seek to remove a cloud on the Property's title. A suit to remove cloud or to quiet title exists "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App. -- Houston [1st Dist.] 2012, pet. denied) (quoting Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App. -- Waco 1980, writ ref'd n.r.e.)). The plaintiff has the burden of proof to establish his superior equity and right to relief. Id. To do so "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App. -- El Paso 2012, no pet.) (citation omitted). The plaintiff must recover on the strength of his own title, not on the weakness of the defendant's title. Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); Ventura v. Wells Fargo Bank,

N.A., Civil Action No. 4:17-075-A, 2017 WL 1194370, at *2 (N.D. Tex. March 30, 2017; Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Plaintiffs argue that they have a quiet title claim against Defendants because issues remain as to whether Defendants' lien is void ab initio because of alleged violations of the Texas Constitution by Defendants. Defendants contend that Plaintiffs' quiet title claim fails as a matter of law because Plaintiffs have presented no evidence that the loan violated the Texas Constitution.

Plaintiffs' claim to superior title is not based on the strength of Plaintiffs' title to the Property, but on the weakness of Defendants' title to the Property resulting from the alleged violations of the Texas Constitution. Therefore, Plaintiffs' quiet title claim fails as a matter of law. See Ventura, 2017 WL 1194370, at *2-*3 (dismissing the plaintiff's quiet title claim because it rested on the weakness of the defendant's title rather than on the strength of the plaintiff's title).

## C. Plaintiffs' Request for Injunctive Relief

Plaintiffs have requested a permanent injunction against Defendants. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., Civil Action No. 3:10-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010);

Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). Because Plaintiffs have failed to demonstrate that fact issues exist as to either of their claims, they are not entitled to injunctive relief.

D. Defendants' Request for an Order of Foreclosure

Defendants argue that they are entitled to an order authorizing foreclosure and a declaration of their right to foreclose on the Property. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate the following: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; (4) plaintiffs received notice of default and acceleration;" and (5) plaintiffs are not members of the National Guard or United States Military and have not applied for relief under the Soldier's and Sailor's Relief Act of 1940. Tex. Prop. Code Ann. § 51.002; Amaro v. Bear Stearns Residential Mortgage Corporation, No. 1:15-CV-74, 2016 WL 6775504, at *4 (S.D. Tex. March 31, 2016).

Defendants have established that a debt exists and that the debt is a secured lien created under Article 16, § 50(a)(6) of the Texas Constitution.[12] Defendants have also established that

---

[12]See Texas Home Equity Fixed/Adjustable Rate Note, Exhibit 1-A to Defendants' MSJ, Docket Entry No. 14-2; Texas Home Equity Security Instrument, Exhibit 1-B to Defendants' MSJ, Docket Entry No. 14-3; Texas Home Equity Affidavit and Agreement, Exhibit 1-C to Defendants' MSJ, Docket Entry No. 14-3, p. 1.

Plaintiffs defaulted under the Deed of Trust.[13] Plaintiffs present no evidence to contest Defendants' statement that Plaintiffs are in default. The Texas Property Code requires the mortgage servicer to serve a debtor in default with a written notice by certified mail stating that the Note is in default and providing at least twenty days to cure the deficiency. Tex. Prop. Code Ann. § 51.002(d). Plaintiffs received three notices of default by certified mail from their lenders and were given sufficient time to cure the deficiency.[14] On December 15, 2014, a Notice of Acceleration was sent to Plaintiffs by certified mail.[15] Therefore, all notices required by Texas law were sent to Plaintiffs. Because Defendants have presented sufficient evidence to satisfy the requirements for an order of foreclosure under Texas Property Code § 51.002, their request for an Order of Foreclosure against Plaintiffs will be granted.

---

[13] See Notice of Intent to Accelerate and Demand for Payment [December 7, 2009], Exhibit 1-H to Defendants' MSJ, Docket Entry No. 14-9, p. 2; Acceleration Warning (Notice of Intent to Foreclose) [January 23, 2013], Exhibit 1-I to Defendants' MSJ, Docket Entry No. 14-10; Notice of Default and Intent to Accelerate [April 25, 2014], Exhibit 1-J to Defendants' MSJ, Docket Entry No. 14-11.

[14] Plaintiff was sent notices of default on December 7, 2009, January 23, 2013, and April 25, 2014. See Notice of Intent to Accelerate and Demand for Payment [December 7, 2009], Exhibit 1-H to Defendants' MSJ, Docket Entry No. 14-9; Acceleration Warning (Notice of Intent to Foreclose) [January 23, 2013], Exhibit 1-I to Defendants' MSJ, Docket Entry No. 14-10; Notice of Default and Intent to Accelerate [April 25, 2014], Exhibit 1-J to Defendants' MSJ, Docket Entry No. 14-11.

[15] See Notice of Acceleration, Exhibit 1-K to Defendants' MSJ, Docket Entry No. 14-12.

## IV. Conclusion

For the reasons stated above, Plaintiffs have failed to present evidence sufficient to raise fact issues on their breach of contract and suit to quiet title claims. Defendants' Motion for Summary Judgment (Docket Entry No. 14) is therefore **GRANTED**. Defendants' request for a Final Judgment and Order of Foreclosure (Docket Entry No. 14-17) is also **GRANTED**.

**SIGNED** at Houston, Texas, on this 7th day of November, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE